# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### JUDGMENT RENDERED JUNE 30, 2022

### NO. 03-21-00294-CV

**Texas Telephone Association and Texas Statewide Telephone Cooperative, Inc., and Their Participating Members; Windstream Services, LLC; Texas Windstream, LLC (d/b/a Windstream Communications); Windstream Communications Kerrville, LLC (d/b/a Windstream Communications); Valor Telecommunications of Texas, LLC (d/b/a Windstream Communications Southwest); Windstream Sugar Land LLC; Central Telephone Company of Texas, Inc. (d/b/a CenturyLink); CenturyTel of Lake Dallas, Inc. (d/b/a CenturyLink); CenturyTel of Port Aransas, Inc. (d/b/a CenturyLink); CenturyTel of San Marcos, Inc. (d/b/a CenturyLink); and United Telephone Company of Texas, Inc. (d/b/a CenturyLink), Appellants**

v.

**Public Utility Commission of Texas; Peter Lake, Chairman; Will McAdams, Commissioner; Lori Cobos, Commissioner; And Jimmy Glotfelty, Commissioner, Each in His or Her Official Capacity at the Public Utility Commission of Texas, Appellees**

---

**APPEAL FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
BEFORE CHIEF JUSTICE BYRNE, JUSTICES TRIANA AND KELLY
AFFRIMED IN PART, REVERSED AND RENDERED IN PART,
REVERSED AND REMANDED IN PART
OPINION BY JUSTICE TRIANA**

---

This is an appeal from the judgment signed by the trial court on June 7, 2021. Having reviewed the record and the parties' arguments, the Court holds that there was reversible error in the court's judgment. The Court reverses the trial court's judgment in part and renders judgment as the trial court should have as follows:

(1) Pursuant to the Uniform Declaratory Judgments Act (UDJA),[1] the Court declares that the Commissioners are acting ultra vires by (i) not fully funding TUSF, (ii) implementing a hierarchy of funding among TUSF programs and enforcing the December 17, 2020 Contract Amendment, and (iii) failing to fully pay all disbursements required by PURA and the Commission's existing TUSF orders and commitments.

(2) Pursuant to the Administrative Procedures Act (APA)[2]—particularly Tex. Gov't Code § 2001.038(a)—the Court declares:

   (a) the Commission's June 2020 decision to not fully fund TUSF and to initiate the creation of a hierarchy of funding among TUSF programs is void and

   (b) the December 2020 Contract Amendment is void.

(3) The Court permanently enjoins the following:

   (a) the Commissioners from not fully funding TUSF as required by statute and from failing to fully pay all disbursements required by PURA and the Commission's existing TUSF orders and commitments, and

   (b) the Commission and the Commissioners from enforcing the December 2020 Contract Amendment.

Further, the Court reverses the dismissal of the Appellants' request for a writ of mandamus based on their ultra vires claims. On remand, the trial court shall issue a writ of mandamus ordering the Commissioners to take immediate action to fulfill their duties imposed by law to fully fund all TUSF programs and to make all disbursements required by PURA and the Commission's existing TUSF orders and commitments.[3] The Court also reverses the dismissal of the Appellants' regulatory-takings claim and renders judgment granting their summary-judgment as to this claim. The Court remands to the trial court the Appellants' regulatory-takings claim for a

---

[1] Tex. Civ. Prac. & Rem. Code §§ 37.001-37.011.

[2] Tex. Gov't Code §§ 2001.001-.903.

[3] *See* Tex. Gov't Code § 22.221 (establishing power of courts of appeals to issue writs of mandamus against certain judges); *id.* § 24.011 (establishing district courts' power to grant writs of mandamus).

determination of the actual damages and the Appellants' claim for attorneys' fees under the UDJA.

The Court affirms the trial court's dismissal of the Rural Providers' request for mandamus relief in connection with their APA-rulemaking claim.

The appellees shall pay all costs relating to this appeal, both in this Court and in the court below.